UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICKY NEVEILS,

    Plaintiff,

v.   Case No: 3:13-cv-995-J-39MCR

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 24), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on May 12, 2014. In the Report, Magistrate Judge Richardson recommends the Court affirm the Commissioner of Social Security's final decision. Plaintiff filed his Objections to the Report and Recommendation (Doc. 25) on May 27, 2014, and Defendant filed a Response to the Objections (Doc. 27) on July 7, 2014. Accordingly, the matter is now ripe for judicial review.

I.    BACKGROUND

Plaintiff is appealing an administrative decision denying his application for Supplemental Security Income ("SSI"). As noted by the Magistrate Judge, Plaintiff has exhausted his available administrative remedies and the case is properly before this Court. After reviewing the parties' legal memoranda, the administrative record, and the applicable law, the Magistrate Judge issued a Report and Recommendation (Doc. 24) recommending the Commissioner's decision be affirmed.

## II. LEGAL STANDARDS

### A. Standard of Review of an ALJ's Decision

The scope of this Court's review of the Commissioner's decision is limited to determining whether the Administrative Law Judge (the "ALJ") applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401). In addition, the Court conducts a *de novo* review of the ALJ's conclusions of law. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails "to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted," the Court must reverse. Id. (quoting Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).

### B. Standard of Review of a Report and Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). If, on the other hand, a party files an objection, the district judge must conduct a *de novo* review of the portions of a magistrate judge's

report and recommendation to which the party objects. United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010); 28 U.S.C. § 636(b)(1)(C). This requires the district judge to "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990).

## III.   ANALYSIS

In the instant case, Plaintiff does not specifically identify any errors by the Magistrate Judge. Rather, Plaintiff "requests *de novo* review, and adopts his original memorandum in this matter, as if set forth fully herein . . ." (Doc. 25). This is improper. In order for an objection to be considered by the district judge,

> a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. . . .
>
> Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report . . . to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate [judge]. . . .
>
> Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." Marlite, Inc. v. Eckenrod, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) *appeal dismissed as moot*, 537 F. App'x

815 (11th Cir. 2013) (quoting Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

As one federal district court deftly explained:

> "If the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . .' The federal procedural scheme thus calls for rifle-shot objections, and its legitimate purposes are frustrated by a vague gunshot blast . . ."

Gain v. Colvin, No. 12-cv-5964, 2013 WL 6330658, at *3 (E.D. Pa. Dec. 5, 2013) (quoting Sackall v. Heckler, 104 F.R.D. 401, 402-03 (D.R.I. 1984)).

In the instant case, Plaintiff's "Objections" suffer from the above-noted defect. Plaintiff has wholly failed to identify any objection to a finding or recommendation of the Magistrate Judge and instead essentially asks the Court to "travers[e] ground already plowed by the Magistrate." Gain, 2013 WL 6330658, at *3. For the Court to do so would "duplicate the thorough efforts of the Magistrate Judge and defeat any judicial efficiency gained by the report and recommendation process." Id. at *4. Therefore, the Court overrules Plaintiff's deficient "Objections."

Nevertheless, the Court has conducted an independent review of the file and for the reasons stated in the Magistrate Judge's Report, will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 24) filed May 12, 2014 is **ADOPTED** as the Opinion of this Court.

2. Plaintiff's Objections to the Report and Recommendation (Doc. 25) are **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment accordingly and thereafter, to close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this 18th day of July, 2014.

BRIAN J. DAVIS
United States District Judge

mh
Copies furnished to:

The Honorable Monte C. Richardson
United States Magistrate Judge
Counsel of Record